## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>HAIMARK LINE, LTD.,<br><br>    Debtor.<br><br>———————————————<br><br>JEFFREY A. WEINMAN, duly-authorized representative of the Haimark Line, Ltd. bankruptcy estate,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION and FIRST DATA MERCHANT SERVICES LLC,<br><br>    Defendants. | )<br>)<br>)  Case No. 15-22180-JGR<br>)<br>)  Chapter 11<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Proc. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Jeffrey A. Weinman, as the duly-authorized representative of the Haimark Line, Ltd. bankruptcy estate, brings the following Complaint.

### I.  Parties

1. Plaintiff, Jeffrey A. Weinman is an individual with a business address of 730 17th St., Ste. #240, Denver, CO 80202.

2. Haimark Line, Ltd. (the "Debtor"), is a Colorado limited liability company that was formed on May 21, 2014, with its principal offices located at 1536 Cole Boulevard, Suite 333, Lakewood, CO 80401.

3. On October 30, 2015 (the "Petition Date"), the Debtor filed a chapter 11 voluntary petition for bankruptcy under title 11 of the Bankruptcy Code, commencing bankruptcy case number 15-22180-JGR (the "Line Case") in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").

4. On October 6, 2016, an involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed against Haimark, Ltd. in the Bankruptcy Court, commencing bankruptcy case number 16-19885-JGR (the "Limited Case"), and creating the Haimark, Ltd. bankruptcy estate (the "Limited Estate"). Plaintiff Jeffrey Weinman is the duly-appointed chapter 7 trustee in the Limited Case.

5. On June 27, 2017, and June 28, 2017, the Bankruptcy Court entered orders in both the Line and Limited Cases granting motions to approve a settlement agreement between the Debtor in the Line Case and the Trustee on behalf of the Limited Estate that gave the Trustee the sole discretion to prosecute and settle Avoidance Action on behalf of the Line estate. Case No. 15-22180-JGR, Dkt. ##412, 460 and Case No. 16-19885-JGR, Dkt. ##95, 125.

## II. Jurisdiction and venue

6. The Trustee incorporates the foregoing allegations of this Complaint as if set forth fully herein.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters to this Court under D.COLO.LCivR 84.1(a).

8. Defendant First Data Corporation is a corporation, with its Registered Agent as Corporation Service Co. Registered Agent, 251 Little Falls Dr., Wilmington, DE 19808. Defendant First Data Merchant Services LLC is a limited liability company, with its Registered Agent as Corporation Service Co. Registered Agent, 1201 Hays St., Tallahassee, FL 32301 (together, the "Defendants").

9. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H) and/or (O).

### III. General allegations

11. The Trustee incorporates the foregoing allegations of this Complaint as if set forth fully herein.

12. Before it went out of business, the Debtor chartered cruise ships and sold cabin space to tour agencies and individuals.

13. The Debtor entered into contracts requiring customers to pay advanced deposits for cruises to the Debtor.

14. On June 18, 2015, one of Debtor's chartered ships collided with the concrete wall bumper of the Eisenhower Lock (one of seven canal locks on the St. Lawrence River portion of the Saint Lawrence Seaway) located near Massena, NY (the "Allision").

15. The Allision caused the Debtor to cancel subsequent scheduled cruises and incur significant expenses to repair the ship.

16. Following the Allision, the Debtor issued refunds to customers for prepaid deposits, among other payments, using its operating account.

17. Within the ninety (90) days before the Petition Date, the Debtor made payments to Defendant in an amount no less than $13,893.56.

**First Claim for Relief**
**(Avoidance and recovery of preferential transfers; 11 U.S.C. §§ 547 and 550)**

18. The Trustee incorporates the foregoing allegations of this Complaint as if set forth fully herein.

19. At all times relevant hereto, Defendant was a creditor of the Debtor.

3

20. On or within the ninety days preceding the Petition Date, the Debtor made cash payments to Defendant or for Defendant's benefit of no less than $13,893.56 (the "Transfers").

21. The Transfers were transfers of the Debtor's property.

22. Defendant is the initial transferee of the Transfers.

23. The Transfers were made on account of an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

24. The Transfers were made while the Debtor was insolvent and/or presumed to be insolvent under the Bankruptcy Code.

25. The Transfers enabled Defendant to receive more than Defendant would have received if: (a) the Debtor's case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant had received payment only to the extent provided by the provisions of title 11, U.S.C.

26. The Transfers made to or for the benefit of Defendant, along with any other transfers of property or payments to or for the benefit of Defendant within the 90 days prior to the Petition Date, are avoidable under § 547 of the Bankruptcy Code.

27. The Trustee is entitled to recover from Defendant the value of the Transfers, along with the value of any other transfers made to or for the benefit of Defendant in the 90 days prior to the Petition Date under § 550 of the Bankruptcy Code.

### Second Claim for Relief
### (Disallowance of claim; 11 U.S.C. § 502)

28. The Trustee incorporates the foregoing allegations of this Complaint as if set forth fully herein.

29. Defendant is an entity from which property is recoverable under §§ 547 and 550 of the Bankruptcy Code.

30. Defendant is the transferee of a transfer avoidable under § 547 of the Bankruptcy Code.

31. Defendant has failed to pay the amount or to turnover to Plaintiff the value of any property for which Defendant is liable under §§ 547 and 550 of the Bankruptcy Code.

32. Any and all claims Defendant may have in the Debtor's Bankruptcy Case must be disallowed under § 502(d) of the Bankruptcy Code, and the Trustee is entitled to a judgment so providing.

### Request for Relief

WHEREFORE, the Trustee asks the Court to enter judgment against Defendant: (i) avoiding the Transfers; (ii) preserving value of the Transfers for the benefit of the Line Bankruptcy Estate; (iii) disallowing any and all of Defendant's claims in the Line Bankruptcy Case; (iv) for pre- and post-judgment interest as allowed by law; (v) for costs and any other relief the Court deems appropriate.

Dated: October 30, 2017.

**LINDQUIST & VENNUM LLP**

By: /s/ *Michael T. Gilbert*
Michael T. Gilbert, #15009
Chad P. Jimenez, #45136
Mike S. Richardson, #49014
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: mgilbert@lindquist.com
E-mail: cjimenez@lindquist.com

*Counsel for Jeffrey A. Weinman, Chapter 7 Trustee*